UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| THE MATTER OF THE APPLICATION OF LOCAL 713, INTERNATIONAL BROTHERHOOD OF TRADE UNIONS, U.M.D. I.L.A., AFL-CIO and LOCAL 713 HEALTH and WELFARE FUND and ANNUITY FUND, | Docket No. |
| Petitioners, | **PETITION TO CONFIRM ARBITRATION AWARD** |
| -against- | |
| GROUND SUPPORT SERVICES LLC and GREATER SHIELD LLC, ABRAHAM GRUNHUT AND ISSAC WEISS a/k/a YITCHOK WEISS, | |
| Respondents, | |
| FOR AN ORDER CONFIRMING THE AWARD OF JOHN G. KENNEDY, | |
| Arbitrator. | |

---

TO:   THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF NEW YORK

This Petition of the Local 713, International Brotherhood of Trade Unions, U.M.D. I.L.A., AFL-CIO ("713 Union" or "Petitioner" ) and Local 713 Health and Welfare Fund (hereinafter "713 Welfare Fund" or "Petitioner" or "Fund") and Annuity Fund (hereinafter "713 Annuity Fund" or "Petitioner" or "Fund"), for an Order and Judgment confirming an arbitration award rendered in favor of Petitioners and against Respondents, Ground Support Services of America, Inc., and Greater Shield LLC (hereinafter referred to as "the Employer or Respondent"), Abraham Grunhut (hereinafter referred to as "Abraham" or "Respondent") and Issac Weiss a/k/a Yitchok Weiss

(hereinafter referred to as "Issac" or "Respondent")  by its attorneys Barnes, Iaccarino, & Shepherd LLP respectfully shows this Court, as follows:

### JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to Section 9 of the United States Arbitration Act, 9 U.S.C. Section 9 and Section 301(a) of the Labor Management Relations Action, of 1947 as amended, "LMRA", 29 U.S.C. Sec. 185(a).  Venue is proper pursuant to Section 9 of the United States Arbitration Act, 9 U.S.C. Section 9, Section 301 of the LMRA, 29 U.S.C. Section 185 and 28 U.S.C. Section 1391.

### NATURE OF THE PROCEEDING

2. This is a proceeding brought by the Petitioners to confirm an arbitration award pursuant to Section 301 of the LMRA, 29 U.S.C. Section 185 and Section 9 of the United States Arbitration Act, 9 U.S.C. Section 9.

### PARTIES

3. The Petitioner Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142), and Section 3(4) of ERISA (29 U.S.C. Section 1002(4)), and as further defined in Section 12 of the General Associations Law of the State of New York.

4. The Petitioner Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145).

5. The Petitioners maintains their offices and is administered at 555 Westbury Avenue, Carle Place, NY 11514 in the County of Nassau.

6. Upon information and belief, Respondent Employers were and are an employer in an industry affecting commerce within the meaning of Section 301(a) of the Taft Hartley Act, 29 U.S.C. 185(a) and has its principal place of business located at 90 Waterbury Street, Brooklyn, NY 11206.

7. Upon information and belief, Respondent, Abraham Grunhut, is an owner/officer of Respondent Employers and responsible for payment of dues and contributions to the Petitioners and has an address of 169 S. Grunhut, 169 S. Pascack Road, Nanuet, NY 10954.

8. Upon information and belief, Respondent, Issac Weiss a/k/a Yitchok Weiss, is an owner/officer of Respondent Employers and responsible for payment of dues and contributions to the Petitioners and has an address of 1835 Ryder Street, Brooklyn, NY 11234.

UNDERLYING ARBITRATION PROCEEDING

9. At all times relevant to this proceeding, the Employer was a party to Collective Bargaining Agreements (hereinafter "Agreements") with the Petitioner Union wherein the Petitioner Funds are third party beneficiaries. The Employer, pursuant to the terms of the Agreements is obligated to submit contributions reports setting forth the amount of contributions due pursuant to the rate schedules set forth in the Agreements for all work performed by its employees covered by the Agreements and to remit such contributions in accordance with the Agreements and the rules and regulations established in the Trust Indentures as well as dues. Attached hereto as Exhibits A1 through A9 are a copy of the applicable Collective Bargaining Agreements.

10. The Employer violated the Agreements by failing to remit proper benefit contributions and dues.

11. Pursuant to the terms of the Agreements, the Petitioners gave notice of this dispute to the Respondents and thereafter submitted said dispute to arbitration.

12. On November 2, 2022, an arbitration hearing was held on due notice before Arbitrator John G. Kennedy the properly designated Arbitrator. The stipulated issue before the Arbitrator was as follows: Did the Employer violate the Agreements by failing to make proper contributions to the respective Funds and to remit the dues to the Union? If so, what shall the remedy be? The Employer appeared through their Chief Operating Officer, Chany Bernat, at the arbitration and consented to the terms of the Arbitration Consent Award. Attached hereto as Exhibit B is a copy of the Arbitration Consent Award.

13. Pursuant to the Consent Award, the Employer made payments for certain locations at as follows: 1825 Ocean Avenue contributions for the period June 2021, May 2021, April 2021 and March 2021 in the total amount of $6,038.00; 264 Webster Avenue contributions for March 2021 through to September 2021, in the total amount of $16,774.45; 125 Borinquen Place contributions for June 2020 through December 2020, in the total amount of $21,425.20 as well as contributions for the period June 2022 through to September 2022, in the total amount of $49,33.06. The total amount paid was $93,570.71. After the payments were allocated, there remained a balance of $61,370.11.

14. On January 20, 2023, the Arbitrator rendered his Award. After having considered all evidence presented and payments made, the Arbitrator held that the Employer has failed to make appropriate contributions to the Funds and directed the Employer Abraham and Issac, to remit to the Local 713 Annuity Fund the sum of $26,483.52, to the Union the sum of $1,497.01 and the Local 713 Welfare Fund the sum of $33,389.58 totaling $61,370.11. A copy of the Arbitrator's Award is attached hereto as Exhibit "C".

15. On January 29, 2023, the attorneys for the Petitioners duly demanded that the Employer; Abraham Grunhut and Issac Weiss comply with the terms of the Award, but to date, the Employer, Abraham Grunhut and Issac Weiss have failed to do so. Therefore, the Respondents have failed to comply with the terms of the Arbitrator's Award. A copy of the demand letter is attached hereto as Exhibit D.

16. No previous application for the relief sought herein has been made to this or any other Court or Judge of the United States or any State.

**WHEREFORE**, the Petitioners pray for an Order and Judgment as follows:

(a)     Confirming the Award of the Arbitrator John G. Kennedy dated January 20, 2023.

(b)     Directing the entry of Judgment thereon in favor of the Petitioners and against Respondents, jointly and severally, according to the terms of the Award and directing the Respondents to be jointly & severally liable to comply with the Award and remit to the Petitioners as follows: $26,483.52 for the Local 713 Annuity Fund; $1,497.01 for the Local 713 I.B.O.T.U for dues and $33,389.58 for the Health and Welfare Fund plus costs and disbursements associated with this proceeding.

(c)     Granting such other and further relief the Court deems just and proper.

Dated:    March 31, 2023
           Hempstead, New York

Respectfully submitted,

BARNES, IACCARINO, & SHEPHERD, LLP

By: _____s/_____
    Danielle M. Carney, Esq.
    Attorneys for the Petitioners
    3 Surrey Lane, Suite 200
    Hempstead, NY 11550
    (516) 483-2990