UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

THE MATTER OF THE APPLICATION OF ) 
LOCAL 713, INTERNATIONAL ) Docket No.
BROTHERHOOD OF TRADE UNIONS, )
U.M.D. I.L.A., AFL-CIO and LOCAL 713 )
HEALTH and WELFARE FUND and )
ANNUITY FUND, )
 )
               Petitioners, )
 )
               -against- )
 )
GROUND SUPPORT SERVICES LLC )
and GREATER SHIELD LLC, ABRAHAM )
GRUNHUT AND ISSAC WEISS a/k/a )
YITCHOK WEISS, )
 )
             Respondents, )
 )
FOR AN ORDER CONFIRMING THE )
AWARD OF JOHN G. KENNEDY, )
 )
               Arbitrator. )

MEMORANDUM OF LAW IN SUPPORT OF PETITION
TO CONFIRM ARBITRATION AWARD

---

BARNES, IACCARINO, & SHEPHERD, LLP
Attorneys for Petitioners
3 Surrey Lane, Suite 200
Hempstead, NY 11550
(516) 483-2990

TABLE OF CONTENTS

                                                          PAGE

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| THE MATTER OF THE APPLICATION OF ) | |
| LOCAL 713, INTERNATIONAL ) | Docket No. |
| BROTHERHOOD OF TRADE UNIONS, ) | |
| U.M.D. I.L.A., AFL-CIO and LOCAL 713 ) | |
| HEALTH and WELFARE FUND and ) | |
| ANNUITY FUND, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| -against- ) | |
| ) | |
| GROUND SUPPORT SERVICES LLC ) | |
| and GREATER SHIELD LLC, ABRAHAM ) | |
| GRUNHUT AND ISSAC WEISS a/k/a ) | |
| YITCHOK WEISS, ) | |
| ) | |
| Respondents, ) | |
| ) | |
| FOR AN ORDER CONFIRMING THE ) | |
| AWARD OF JOHN G. KENNEDY, ) | |
| ) | |
| Arbitrator. ) | |

**PETITIONERS' MEMORANDUM OF LAW IN SUPPORT OF
ITS PETITION TO CONFIRM THE ARBITRATION AWARD**

This Memorandum of Law is submitted in support of the application by Petitioners Local 713, International Brotherhood of Trade Unions, U.M.D. I.L.A., AFL-CIO and Local 713 Health and Welfare Fund and Local 713 Annuity Fund for an Order confirming the Arbitration Award dated January 20, 2023, rendered by Arbitrator John G. Kennedy in connection with proceedings held between the Petitioners and Ground Support Services LLC and Greater Shield LLC (hereinafter referred to as "the Employer or Respondent"), Abraham Grunhut (hereinafter referred to as "Abraham" or "Respondent") and Issac Weiss a/k/a Yitchok Weiss (hereinafter referred to as "Issac" or "Respondent") and  directing the entry of final judgment upon the aforesaid arbitration

3

award against the Respondents together with the costs and attorneys' fees incurred by the Petitioners in making this Petition, and for such other and further relief as the Court may deem just and proper under the circumstances. The Award was made pursuant to the Arbitration Consent Award ("Consent Award").

In relevant part, the Award involves the Employer's failure and refusal to remit contribution benefits to the Funds on behalf of the bargaining unit employees and dues to the Union. In the Award based on the terms of the Collective Bargaining Agreement (hereinafter referred to as "Agreement"), the Arbitrator concluded that the Employer failed to abide by the terms of the Consent Award and directed the Employer to remit to the Local 713 Annuity Fund the sum of $26,483.52, to Local 713 the sum of $1,497.01 for dues and the Local 713 Welfare Fund the sum of $33,389.58 totaling $61,370.11. To date, the Respondents have failed to remit payment in accordance with the Award.

## STATEMENT OF FACTS

The Employer is engaged in the business of employing porters and handyperson. The Funds are jointly administered, multi-employer, labor management trust funds and the Employer is obligated to remit contributions to the Funds and dues to the Union.

The Employer failed to remit the proper benefit contributions and dues in accordance with the Agreements. The Petitioners gave notice of the dispute and demanded an arbitration concerning the delinquency. On November 2, 2022, an arbitration hearing was held before Arbitrator John G. Kennedy, the properly designated arbitrator. The stipulated issue was as follows: Did the Employer violate the Agreements by failing to make proper contributions to the respective Funds and dues to the Union? If so, what shall the remedy be? The Employer appeared and a Consent Award was agreed upon between the parties.

After reviewing the evidence before him and his notes, the Arbitrator found that the

Employer violated the terms of the Agreements and the Consent Award by failing to make appropriate contributions to the Funds and dues to the Union. Thereafter, the Arbitrator directed the Employer as well as Abraham Grunhut and Issac Weiss a/k/a Yitchok Weiss to remit to the 713 Annuity Fund the sum of $26,483.52; to 713 the sum of $1,497.01 and to the 713 Welfare Fund the sum of $33,389.58 totaling $61,370.11.

The Award draws its essence from the Consent Award and evidence presented at the Abitration and thus should be confirmed. The Employer as well as Abraham Grunhut and Issac Weiss a/k/a Yitchok Weiss should be directed to comply with the Award in all respects.

ARGUMENT

POINT I

THE ARBITRATOR'S AWARD IS FINAL AND
BINDING AND SUBJECT TO LIMITED JUDICIAL REVIEW

The principles governing confirmation of labor arbitration awards are well established. The Supreme Court, the Second Circuit, and this Court have repeatedly stated that a court's function is strictly limited in a proceeding to confirm such an award. United Paperworkers v. Misco, 484 U.S. 29, 36 (1987); United Steelworkers of America v. American Mfg., 363 U.S. 564, 567-568 (1960); see also United Steelworkers of America v. Enterprises Wheel & Car Corp., 363 U.S. 593, 596-500 (1960); Stotter Div. Of Graduate Plastics Co. v. District 65, UAW, 991 F.2d 997, 1000 (2d Cir. 1993); Local 713199 Drug, Hospital & Health Care Employees Union v. Brooks Drug Co., 956 F.2d 22, 24 (2d Cir. 1992); United States Steel & Carnegie Pension Fund v. Dickinson, 753 F.2d 250, 252-253 (2d Cir. 1985); Advanced Publications v. Newspaper Guild of New York, Local 3, 616 F.2d 614, 617- 618 (2d Cir. 1980); Corporate Printing Co. v. New York Typo. Union No. 6, 886 F. Supp. 340, 346 (S.D.N.Y. 1995); Grinnell Hous. Dev. Fund v. Local 32B-32J, SEIU, 767 F. Supp. 63, 65

5

(S.D.N.Y. 1991); International Longshoreman's Ass'n v. West Gulf Maritime Ass'n, 605 F. Supp. 723, 725-726 (S.D.N.Y. 1985), aff'd 765 F. 2d 135 (2d Cir. 1985).

Because federal policy strongly favors resolution of labor disputes by arbitration, a court may not review the merits of a labor arbitration award. Misco, 484 U.S. at 36; Enterprise Wheel & Car Corp., 363 U.S. at 596. Nor may a court vacate an arbitration award "on the ground that the arbitrators erred in their factual findings, or that the arbitrators reached faulty legal conclusions, or that the proceedings were flawed." Mitchell v. United Parcel Serv., Inc., 624 F.2d 394, 397 (2d Cir. 1980), rev'd on other grounds, 451 U.S. 56 (1981); see also Hogan v. 50 Sutton Place South Owners, Inc., 919 F. Supp. 738, 745 (S.D.N.Y. 1996); International Ass'n of Machinists & Aerospace Workers, Dist. 776 v. Texas Steel Co., 538 F.2d 1116, 1120 – 1121 (5th Cir. 1976); Local 71344, Hotel, Hospital, Nursing Home & Allied Serv. Union v. CNH Management Assocs., Inc., 713 F. Supp. 680, 687 (S.D.N.Y. 1989). Indeed, a reviewing court's only function is to determine whether an Agreement to arbitrate exists and whether the arbitration award "draws its essence from the collective bargaining Agreement." Enterprise Wheel & Car Corp., 363 U.S. at 597; Burns Int'l Security Serv., Inc. v. International Union United Plant Guard Workers of America (UPGWA), 47 F.3d 14, 17 (2d Cir. 1995); Hygrade Operators, Inc. v. Local 333, 945 F.2d 18, 22 (2d Cir. 1991). If the Award does so, it must be enforced. Enterprise Wheel & Car Corp., 363 U.S. at 597; Local 713199 v. Brooks, 956 F.2d at 25.

In determining whether an arbitration award "draws its essence" from an Agreement, a court must interpret the "essence" standard expansively "so as to uphold the award, rather than restrictively." Oil, Chemical & Atomic Workers Int'l Union Local No. 4-228 v. Union Oil Co. of California, 818 F.2d 437, 440 (5th Cir. 1987) (Uqoting Texas Steel Co., 538 F.2d at 1121). To that end, a court may not require an arbitrator to give reasons for his award. Enterprise Wheel & Car

6

Corp., 363 U.S. at 598; Landy Michaels Realty Corp. v. Local 32B-32J, SEUI, 954 F.3d 794, 797 (2d Cir. 1992); see also United States Steel & Carnegie Pension Fund, 753 F.2d at 252-253; Wire Serv. Guild, Local 222 Newspaper Guild v. United Press International, Inc., 623 F.2d 257, 261 (2d Cir. 1980); Advance Publications, 616 F.2d at 617; Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 725 F. Supp. 193, 196 (S.D.N.Y. 1996), vacated on other grounds, 103 F.3d 9 (2d Cir. 1997); Pomano-Windy City Partners, Ltd. v. Bear Stearns Co., 794 F. Supp. 1265, 1272 (S.D.N.Y. 1992). As long as "the arbitration award could reasonably have been derived from the terms of the contract itself," the award must be confirmed. See Ottley v. Sheepshead Nursing Home, 688 F.2d 883, 890 (2d Cir. 1982); Scotter Div., 991 F.2d at 1000; Local 71344, hotel, Hospital Nursing Home v. American Nursing Home, 631 F. Supp. 354, 357 (S.D.N.Y. 1986).

In short, a court is bound to respect the judgment of a labor arbitrator since the arbitration process "is at the very heart of the system of industrial self-government." United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 581 (1960). As the Supreme Court held in Enterprise Wheel & Car Corp., supra.:

> *It is the arbitrator's construction, which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his.*

363 U.S. at 599; see generally Abram Landau Real Estate v. Benova, 123 F.3d 69, 74-75 (2d Cir. 1997); Advance Publications, 616 F.2d at 618; International Longshoremen's Ass'n v. est Gulg Maritime Ass'n, 605 F. Supp. 723, 726 (S.D.N.Y. 1985).

Applying these principles here, it is clear that the Arbitrator's Award should be confirmed. Since there are Agreements to arbitrate the Award is reasonably derived, from the parties' Agreements. The Agreements provided for the remittance to the welfare and annuity fund for contributions and dues to the Union, on behalf of bargaining unit employees and also contains an

7


arbitration clause for such disputes. The language of the Agreements is quite clear where the Funds charge that the Employer is delinquent in remitting contributions the Employer is obligated to engage in arbitration. The Employer refused to remit the contribution payments as well as dues. The Arbitrator's Award directs the Employer to make such payments. The Award, therefore, clearly derives from the unequivocal language of the Agreements. Additionally, the Agreements require individual liability for non-payment of dues and for certain contributions.

In summary, the Arbitrator in this case has merely resolved a dispute over the Employer's contractual obligations and has granted a remedy to correct the contract violation found. Thus an Award based upon the terms of the Agreements should be confirmed. As the Fifth Circuit succinctly stated: "The arbitrator was chosen to be the Judge. That Judge has spoken. There it ends." <u>Safeway Stores v. American Bakery & Confectionery Workers International Union</u>, 390 F.2d 79, 84 (5th Cir. 1968).

## POINT II

<center>The Federal Arbitration Act mandates<br>Confirmation of the Arbitration Award</center>

Petitioners respectfully submit that under Section 9 of the Federal Arbitration Act (hereinafter referred to as "the Act"), 9 U.S.C. Sec. 9 (the "Act"), they are entitled to an order confirming the arbitration award issued by John G Kennedy.:

> Section 9 of the Act provides:
>
> [A]t any time within one year after the award is made, any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in Sections 10 and 12 of this title [9 U.S.C. Sec. 10, 11].
>
> In addition, Section 9 of the Act provides:

> If no court is specified in the Agreement of the parties, then such application may be made to the United States Court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the Court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

Pursuant to Petitioners' demand, the Arbitrator John G. Kennedy held a hearing on November 2, 2022 and a Consent Award was entered. The Arbitrator issued an Award as follows after Noncompliance with the Consent Award:

The Employer violated the Agreement by failing to make appropriate contributions and dues to the Funds. The Respondents have been found to be delinquent in the payment of benefit fund contributions and dues and is hereby ordered to pay the following amounts forthwith:

Local 713 Annuity Fund ....................................................... $26,483.52
Local 713 I.B.O.T.U. dues .................................................... $1,497.01
Local 713 I.B.O.T.U Health & Welfare Fund...................... $33,389.58

**GRAND TOTAL ................................................................ $61,370.11**

As the foregoing demonstrates, Petitioners are entitled to confirmation by this Court of the award issued by Arbitrator John G. Kennedy. The Arbitration Award was rendered pursuant to an Agreements between Petitioners and Respondent to submit their disputes to Arbitration. The instant application to confirm the Award issued by the Arbitrator pursuant to the parties' Agreements

9

properly has been made in "the United States Court in and for the district within which [the] award was made." Thus, the requirements of the Act 9 U.S.C. Section 9 have been satisfied.

Section 9 is mandatory in nature; it provides that "any party to the arbitration may apply to the Court for an order confirming the Award, and thereupon the Court must grant such an order unless the Award is vacated, modified or corrected" pursuant to Sections 10 of the Act. Such relief is clearly not available herein to Respondent. Accordingly, this Court must confirm the Award.

The grounds upon which an arbitration award may be vacated are circumscribed narrowly.

> Section 10(a) of the Act provides:
>
> In any of the following cases the United States Court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration-
> (1)  Where the award was procured by corruption, fraud, or undue means.
>
> (2)  Where there was evident partiality or corruption in the arbitrators, or either of them.
>
> (3)  Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
>
> (4)  Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.
>
> (5)  Where an award is vacated and the time within which the Agreement required the award to be made has not expired the court may, in its discretion, direct a rehearing by the arbitrators.

Respondents have not made an application, as required by Sections 10, for relief under these provisions of the Act. Moreover, no basis exists which would warrant the vacating of the Award.

10

Under the circumstances, it is respectfully submitted that the award must be confirmed by this Court.

POINT III

PETITIONERS SHOULD BE AWARDED
COSTS, DISBURSEMENTS AND ATTORNEY'S FEES

Federal courts have the inherent power to award attorney's fees when a losing party has acted in bad faith or vexatiously. Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991); Alyeska Pipe Line Serv. Co. v. Wilderness Society, 421 U.S. 240, 258-59 (1975); Agree v. Paramount Communications Inc., 114 F.3d 395, 398 (2d Cir. 1997); Hirschfield v. Board of Elections of City of New York, 984 F.2d 35, 40 (2d Cir. 1993); Oliveri v. Thompson, 803 F.2d 1265, 1272 (2d Cir. 1986), cert. denied, 480 U.S. 918 (1987); Fonar Corp. v. Magnetic Resonance Plus, Inc., 935 F. Supp. 443, 448 (S.D.N.Y. 1994). Unjustified refusal to abide by an arbitrator's award can be equated with an act done in bad faith, vexatiously, or for oppressive reasons. See International Union of P.I.W. v. Western Indus. Maintenance, Inc., 707 F.2d 425, 427-28 (9th Cir. 1983). In the context of the labor arbitration process, attorney's fees have been awarded where a party has refused, without justification, to abide by the award. Synergy Gas Co. v Sasso, 853 F.2d 59, 65 (2d Cir.), cert. denied, 488 U.S. 994 (1988); Local 713115 v. B & K Investments, Inc., 100 L.R.R.M 2174, 2177 (S.D.N.Y. 1978); see, e.g., International Ass'n of Machinists & Aerospace Workers, Dist. 776 v Texas Steel Co., 639 F.2d 279, 283-84 (5th Cir. 1981), cert. denied, 480 u.s. 994 (1988) (refusing to countenance frivolous and wasteful judicial challenges, and reversing the district court's denial of attorney's fees upon determining that the employer's grounds for challenging the arbitration award were without merit and that its refusal to abide by the arbitration award on the grounds raised was without merit). The Court in Texas Steel Co., supra, instructs that:

11

> The federal labor policy favoring voluntary arbitration dictates that when a refusal to abide by an arbitration decision is without jurisdiction, and judicial enforcement is necessary, the court should award the party seeking enforcement reasonable costs and attorneys' fees incurred in that effort. This sanction is necessary lest federal labor policy be frustrated by judicial condonation of dilatory tactics that lead to wasteful and unnecessary litigation.

639 F. 2d. at 284; see also General Contractors Ass'n of New York, Inc. v Metallic Lathers Union of New York City, 113 L.R.R.M. 2626, 2629-30 (S.D.N.Y. 1982).

In the instant case, the Funds and Union requested an Order granting costs and attorney's fees incurred in this proceeding. The Award is manifestly enforceable. The law on this subject is now so well settled and the parties' Agreement to arbitrate contract disputes is so clear, that "[t]he parties must be deemed to have been conscious of this policy when they agree[d] to resolve their contractual differences through arbitration." Nolde Bros. Inc. v. Bakery Workers, 430 U.S. 243, 255, reh'g denied, 430 U.S. 988 (1977). The Respondents' refusal to abide by the Award is without justification, vexatious, and in bad faith. The Respondents have no reasonable basis for refusing to comply and the Funds are therefore entitled to an award compensating it for the attorney's fees and costs it has incurred in this proceeding.

## **CONCLUSION**

For all of the foregoing reasons, the Petitioners respectfully requests the Court to confirm the Arbitrators Award and pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. Section 9 directing the entry of a judgment in favor of the Petitioners and against the Respondents jointly and severally in the sum of $63,770.11 as follows Local 713 Annuity Fund the amount of $26,483.52; Local 713 I.B.O.T.U. dues in the amount of $1,497.01 and Local 713 I.B.O.T.U Health & Welfare Fund in the amount of $33,389.58 and further awarding the Petitioners court costs including

attorney's fees in the amount of $2,400.00 associated with this proceeding and grant such other and further relief as the Court may deem just and proper.

Dated: March 31, 2023
      Hempstead, New York

Respectfully submitted,

BARNES, IACCARINO, & SHEPHERD LLP

By: _____s/_____
     Danielle M. Carney, Esq.
     Attorneys for Petitioners
     3 Surrey Lane
     Hempstead, NY 11550
     (516) 483-2990