UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

THE MATTER OF THE APPLICATION OF LOCAL 713, INTERNATIONAL BROTHERHOOD OF TRADE UNIONS, U.M.D. LL.A., AFL-CIO AND LOCAL 713 HEAL TH AND WELFARE FUND AND ANNUITY FUND,

         Petitioners,

- against -

GROUND SUPPORT SERVICES LLC; GREATER SHIELD LLC, ABRAHAM GRUNHUT AND ISSAC WEISS A/K/A YITCHOK WEISS,

         Respondents.
FOR AN ORDER CONFIRMING THE AWARD OF JOHN G. KENNEDY,

         Arbitrator

Docket No. 2:23-cv-02602-LDH-AYS

------------------------------------------------------------------- x

**MEMORANDUM OF LAW OF RESPONDENTS IN OPPOSITION TO THE PETITION**

1. **Introduction**

The petitioner seeks confirmation of an arbitration award against all of the respondents for failure to comply with the determination of a labor arbitrator. Yet, the Petitioner makes no showing that the individual defendants ever agreed to be personally liable, ever entered into an arbitration agreement or ever participated in the arbitration. As there was no basis to include the individuals in the arbitration, the award should not be confirmed as to them. As such, the Court should modify the award to be only against the employer defendants and remove the individual defendants from the award.

2. **Factual Background**

Defendants Ground Support Services and Greater Shield LLC ("Employer Defendants") are employers who provide outsourced labor for building maintenance and security. They were parties to collective bargaining agreements with Local 713 and had obligations to the Petitioners to fund benefits for covered employers. When the Employer Defendants fell behind in contributions, the Petitioners commenced an arbitration pursuant to the Collective Bargaining Agreements which occurred in November 2022. The Employer Defendants appeared through an employee, Chany Bernat and were apparently not represented by counsel. The individual defendants did not execute any agreements on their own behalf with Local 713 and did not participate in the arbitration. They should never have been included in the arbitration, and notably, the Petitioners submit several collective bargaining agreements, but none is executed by the individuals or includes an individual guaranty from the owners of the Employer Defendants.

3. **Legal Argument**
   a. **Applicable Law**.

Contrary to the assertions of the petitioners, this petition arises under Section 301 of the LMRA and does not arise under the Federal Arbitration Act, which does not directly confer jurisdiction. The Second Circuit has held that in instances where a petition is brought to enforce

a labor arbitration, the strict time limits of the Federal Arbitration Act do not apply, and instead applicable state law provisions apply, in this case, New York law.  "Because Congress provided no statute of limitations for suits under section 301, 'the timeliness of a [section] 301 suit . . . is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations.  *Harry Hoffman Print., Inc. v Graphic Communications, Intl. Union, Local 261*, 912 F2d 608, 612 (2d Cir 1990) quoting *International Union, United Automobile, Aerospace & Agricultural Implement Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704-05, 16 L. Ed. 2d 192, 86 S. Ct. 1107 (1966).  The *Harry Hoffman* court specifically applied the provisions of the New York law to actions regarding confirmation, modification and rejection of arbitral awards in the context of collective bargaining agreements.  *Harry Hoffman Print., Inc.* 912 F2d at 612.

CPLR §7510 governs actions to confirm an award.  While it does not explicitly state that a defendant can seek to modify or reject the award as a defense to the action for confirmation, Courts have held that the provision does in fact permit a party seeking to reject or modify an award to raise it as a defense to an action for confirmation.  *See  Local 205, Community & Social Agency Emples. Union, Dist. Council 1707 v Day Care Council,* 992 F Supp 388, 394 (SDNY 1998) citing  *Vilceus v. North River Ins. Co.*, 150 A.D.2d 769, 769, 542 N.Y.S.2d 26, 27 (2d Dep't 1989); *Sutorius v. Hanover Ins. Co.*, 166 Misc. 2d 465, 467-468, 633 N.Y.S.2d 923, 925 (Supplemental. Ct. Suffolk County 1995), aff'd, 233 A.D.2d 332, 649 N.Y.S.2d 183 (1996).  Thus Mr. Grunhut and Mr. Weiss are timely in objection to confirmation of the award against them, and seek the Court modify the award to be applicable only to the Employer Defendants.

### b.  There is no Basis for an Award Against the Individual Respondents

While petitioners assert that they have a basis for piercing the veil of the Employer Defendants and holding the Individual Respondents liable, there simply is nothing in the record to

justify that conclusion. The Collective Bargaining Agreements annexed to the petition do not provide any basis for personal liability as they are simply not executed by Mr. Grunhut and Mr. Weiss in their personal capacity. Further, they do not appear to have any provision that would be the basis for reaching the conclusion that they intended to bind the Employer Defendants' principals.

Nor did Mr. Grunhut or Mr. Weiss participate in the arbitration. Ms. Bernat was not an attorney and attended the arbitration on behalf of the Employer Defendants in order to reach a conclusion as to the amounts owed. Notably, the Arbitration Consent Award annexed as ECF #1-11 does not state any intention to include the Individual Respondents, and simply reflects the dispute over whether payments were due to the Petitioners or the funds of another union, Local 32BJ. The only reference is that an attorney for the Petitioners told Ms. Bernat that they would seek personal liability against the principals, in reliance on a unilateral document of the Petitioners that does not appear to have been provided to Ms. Bernat or the Court in this petition.

Without any basis for the conclusion, and without the participation of Mr. Grunhut and Mr. Weiss, the arbitrator simply appears to have taken the word of the Petitioners that personal liability was appropriate. The agreements cite a trust agreement that is not appended to either the CBA or this petition. Notably, even if the unseen trust agreements included a provision for personal liability, there is no basis for that to be applied to individuals who have not knowingly accepted liability.

### c. Attorneys Fees are not Appropriate

Petitioners rest their claim for attorney's fees on alleged bad faith or vexatious conduct. Yet, the only conduct they cite is the failure to pay the award, which is not due to a desire to evade

liability but the need to obtain the funds to pay.  The Employer Respondents are not disputing their liability, and as such there is no basis to award attorney's fees.

**4. Conclusion**

_____
Avram E. Frisch