UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE MATTER OF THE APPLICATION OF LOCAL
713, INTERNATIONAL BROTHERHOOD OF
TRADE UNIONS, U.M.D.I.L.A., AFL-CIO and
LOCAL 713 HEALTH and WELFARE FUND and
ANNUITY FUND,

                        Petitioners,                              **REPORT AND**
                                                                             **RECOMMENDATION**
            -against-                                         CV 23-2602 (LDH)(AYS)

GROUND SUPPORT SERVICES LLC, GREATER
SHIELD LLC, ABRAHAM GRUNHUT and ISSAC
WEISS,

                        Respondents.
------------------------------------------------------------------X
**ANNE Y. SHIELDS, United States Magistrate Judge:**

       Petitioners, Local 713, International Brotherhood of Trade Unions, U.M.D.I.LA., AFL-CIO (the "Union") and Local 713 Health and Welfare Fund and Annuity Fund (the "Funds") (collectively, "Petitioners"), commenced this action on April 5, 2023 against Respondents, Ground Support Services LLC, Greater Shield LLC, Abraham Grunhut, and Issac Weiss (collectively, "Respondents"), to confirm and enforce an arbitration award issued on January 20, 2023 (the "Award"), in the amount of $61,370.11. (Petition, Docket Entry ("DE") [1], and Ex C, annexed thereto.) Petitioners also seek interest and liquidated damages, as well as their attorney's fees and costs incurred in enforcing the Award. (Carney Aff. in Supp. of Request for Default, DE [11].) On January 18, 2024, Petitioners filed a motion for default judgment after Respondents failed to appear herein. (DE [10].) By Order dated January 19, 2024, the Honorable LaShann DeArcy Hall referred the motion for default judgment to this Court for a Report and Recommendation as to whether it should be granted. (Order of DeArcy Hall, J., dated Jan. 19, 2024.) For the reasons set forth herein, it is respectfully recommended that the Petition be treated

1

as an unopposed motion for summary judgment, that the Petition to confirm the Award be granted, and that judgment be entered in the amount of $61,370.11, plus attorney's fees in the amount of $4,075.00, and costs in the amount of $1,22.20, for a total monetary award of $66,667.31.

## BACKGROUND

Unless otherwise noted, the following facts are drawn from the Petition and are accepted as true for purposes of this Report and Recommendation. The Petitioner Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, which represents employees in an industry affecting commerce. (Petition ¶ 3.) The Petitioner Funds are employee benefit plans and multi-employer plans operated in accordance with the Employee Retirement Income Security Act of 1947, 29 U.S.C. § 1002 ("ERISA"). (Id. ¶ 4.) Petitioners filed the within action pursuant to Section 9 of the United States Arbitration Act and Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185(a), to confirm and enforce an arbitration award rendered pursuant to collective bargaining agreements ("CBAs") between the Union and Respondents wherein the Funds are third-party beneficiaries. (Id. ¶ 9.)

Pursuant to the CBAs, Respondents were required to, inter alia, submit contribution reports setting forth the amount of contributions due pursuant to the rate schedules set forth in the CBAs for all work performed by its employees covered by the CBAs, and to remit such contributions in accordance with the CBAs, as well as dues. (Id. ¶ 9, and CBA's annexed thereto at Ex. A1-A9.) Respondents violated the CBAs by failing to remit proper benefit contributions and dues. (Id. ¶ 10.) Petitioners provided Respondents with notice of their failure to remit contributions and dues as required by the CBAs. (Id. ¶ 11.)

On November 2, 2022, an arbitration hearing was held before Arbitrator John G. Kennedy (the "Arbitrator"). The stipulated issue before the Arbitrator was as follows: "Did [Respondents] violate the [CBAs] by failing to make proper contributions to the respective Funds and to remit the dues to the Union? If so, what shall the remedy be?" (Id. ¶ 12.) Respondents appeared at the arbitration through their Chief Operating Officer, Chany Bernat, and consented to the terms of an Arbitration Consent Award ("Consent Award"). (Id., and Ex. B, annexed thereto.)

Pursuant to the Consent Award, Respondents made payments for certain locations for varying periods between June 2022 and September 2022 in the total amount of $93,570.71. (Id. ¶ 13; Arbitration Award at 1.) After the payments were allocated, there remained a balance due and owing of $61,370.00. (Petition ¶ 13; Arbitration Award at 1.)

On January 20, 2023, the Arbitrator rendered his Award. After considering all of the evidence presented and the payments made, the Arbitrator found that Respondents failed to make appropriate contributions to the Funds and directed Respondents to remit payment to the Annuity Fund in the amount of $26,483.52, to the Union (for unpaid dues) in the amount of $1,497.01, and to the Health and Welfare Fund in the amount of $33.389.58, for a total award of $61,370.11. (Petition ¶ 14; Arbitration Award at 2.)

On January 29, 2023, Petitioners demanded that Respondents comply with the terms of the Award. (Petition ¶ 15.) To date, Respondents have failed to do so. (Id.) Thereafter, Petitioners commenced the within action, seeking to confirm the Award. (DE [1].) Respondents Ground Support Services LLC and Greater Shield LLC were duly served with the Summons and Petition on April 19, 2023. (DE [4].) Respondent Abraham Grunhut was served with the

3

Summons and Petition on April 26, 2023, (DE [5]), and Respondent Issac Weiss was served on June 29, 2023. (DE [7].) To date, Respondents have not appeared in this action.[1]

On August 30, 2023, Petitioners requested certificates of default be entered for all Respondents, (DE [8]), and the Clerk of the Court certified Respondents' default on September 6, 2023. (DE [9].) Petitioners filed a motion for default judgment on January 18, 2024. (DE [10].) Judge DeArcy Hall thereafter referred the motion for default judgment to this Court to report and recommend as to whether it should be granted. (Order of DeArcy Hall, J., dated Jan. 19, 2024.)

## DISCUSSION

I.   Legal Standard

The Second Circuit has advised district courts to consider an unanswered petition to confirm an arbitration award "as an unopposed motion for summary judgment." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006). The Second Circuit noted that "Rule 55 is meant to apply to 'civil actions,' . . . where only the first step has been taken – i.e., the filing of a complaint – and the court thus has only allegations and no evidence before it." Id. at 107 (internal citation omitted). Unlike the typical civil action governed by Rule 55, petitions to confirm arbitration awards "are motions in an ongoing proceeding rather than a complaint initiating a plenary action." Id. at 108 (citation omitted). As such, proceedings to confirm an award are "generally accompanied by a record, such as an agreement to arbitrate and the

---

[1] The Court notes that a memorandum of law in opposition to the petition to confirm the arbitration award was filed on ECF by an Avram Fisch on behalf of Respondents on May 9, 2023. (DE [6].) However, no appearance by any attorney has been entered on the docket for any of the Respondents and thus, all Respondents have failed to appear in this action.

4

arbitration award decision itself" and thus "the judgment the court enters should be based on the record." Id. at 109.

It is therefore recommended that the instant Petition be treated as an unopposed motion for summary judgment. See Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension and Welfare Funds v. Baroco Contracting Corp., No. 15-CV-5690, 2016 WL 2893239, at *2 (E.D.N.Y. Apr. 19, 2016), adopted by, 2016 WL 288907 (E.D.N.Y. May 17, 2016); see also Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension and Welfare Funds v. Town & Country Wood Flooring LLC, No. 13-CV-0040, 2013 WL 4807110, at *1-3 (E.D.N.Y. Sept. 9, 2013). Treated as such, the court cannot grant the relief sought "without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial" and that the movant is entitled to judgment as a matter of law. D.H. Blair, 462 F.3d at 110 (internal quotation marks and citation omitted); see generally Local 339 United Serv. Workers Union v. Advanced Ready Mix Corp., No. 12-CV-4811, 2013 WL 685447, at *2 (E.D.N.Y. Feb. 24, 2013); Trustees of N.Y. City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining Educ. and Indus. Fund v. Premium Sys., Inc., No. 12 Civ 1749, 2012 WL 3578849, at *3 (S.D.N.Y. Aug. 20, 2012) (citations omitted).

II.     Confirmation of the Award

"Confirmation of a labor arbitration award under LMRA § 301 is a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court." Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension and Welfare Funds v. Thalle/Transit Constr. Joint Venture, No. 12-CV-5661, 2014 WL 3529728, at

*4 (E.D.N.Y. July 15, 2014) (quoting New York Med. Ctr. of Queens v. 1199 SEIU United Healthcare Workers E., No. 11-CV-4421, 2012 WL 2179118, at *4 (E.D.N.Y. June 13, 2012)) (additional citation and internal quotation marks omitted). The Court's review of an arbitration award is "'severely limited' so as not to frustrate the goals of arbitration – namely to settle disputes efficiently and avoid long and expensive litigation." Advanced Ready Mix, 2013 WL 685447, at *2 (quoting Willemijn Houdstermaatschappij, BV v. Standard Microsys. Corp., 103 F.3d 9, 12 (2d Cir. 1997)); see also D.H. Blair, 462 F.3d at 110 ("[T]he court must grant the award unless the award is vacated, modified, or corrected.") (internal quotation marks and citations omitted).

     As a result, the showing required to avoid summary confirmation of the award is very high. "The arbitrator's rationale for an award need not be explained, and the award should be confirmed 'if a ground for the arbitrator's decision can be inferred from the facts of the case.'" D.H. Blair, 462 F.3d at 110 (quoting Barbier v. Shearson Lehman Hutton, Inc., 948 F.2d 117, 121 (2d Cir. 1991)) (additional citation omitted). Only a barely colorable justification for the outcome reached by the arbitrator[] is necessary to confirm the award." D.H. Blair, 462 F.3d at 110 (internal quotation marks and citations omitted); see also 9 U.S.C.A. § 9. Thus, "in evaluating [a] petition to confirm the result of [an] arbitration, the Court need only ensure that the arbitrator had some grounds on which to grant the damages spelled out in the [a]ward." Trustees of the Local 807 Labor Mgmt. Health Fund v. Express Haulage, No. 07 CV 4211, 2008 WL 4693533, at *5 (E.D.N.Y. Oct. 23, 2008). A court must confirm the award where "there is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law." Advanced Ready Mix, 2013 WL 685447, at *3 (citation omitted); see also Local 97, Int'l Bhd. of Elec. Workers v. Niagara Mohawk Power

6

Corp., 196 F.3d 117, 124 (2d Cir. 1999) ("Generally speaking, unless the award is procured through fraud or dishonesty, the decision should not be disturbed.") (citing United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 37-38 (1987)).

Petitioners have met their burden of demonstrating that there is no issue of material fact precluding confirmation of the Award through their submissions in support of the Petition, and the arbitrator's decision provides more than "a barely colorable justification for the outcome reached." D.H. Blair, 462 F.3d at 110. Prior to issuing the Award, the arbitrator held a hearing and determined that Respondents were bound to the CBAs, and, based on the record presented, found that Respondents were required to pay $61,370.11 in deficient contributions and dues to the Union and Funds for varying periods between June 2020 September 2022. (Award at 2.) Where an arbitrator's award "draws its essence from the collective bargaining agreement," Saint Mary Home, Inc. v. Service Emp. Int'l Union, 116 F.3d 41, 44 (2d Cir. 1997) (internal quotation marks and citation omitted), the court must affirm the award so long as the arbitrator's decision is "plausibly grounded in the parties' agreement." Wackenhut Corp. v. Amalgamated Local 515, 126 F.3d 29, 32 (2d Cir. 1997). Here, the Award draws its essence from the CBAs, which establish liability for the amounts awarded. Although this Court has not been presented with copies of the materials on which the Arbitrator relied, "there is no reason to doubt the arbitrator's interpretation of those materials." Advanced Ready Mix, 2013 WL 685447, at *3. There is no indication that the arbitration decision was irrational, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law; nor is there any suggestion that the Award was obtained through fraud or dishonesty. Thus, it is recommended that the arbitration Award of $61,370.11 be confirmed.

III.    <u>Interest and Liquidated Damages</u>

While the affidavit of Petitioners' counsel, Danielle Carney, requests that Petitioners also be awarded interest and liquidated damages, pursuant to Petitioners' "Policy for Collection of Delinquent Contributions," (Carney Aff. ¶ 11, and Ex. B, annexed thereto), neither the Petition nor the Award reference interest or liquidated damages in any way. Nor do Petitioners point to any provisions of the CBAs that incorporate this collections policy. Rather, the Petition clearly seeks a sum certain of $61,370.11, which is precisely what was awarded by the Arbitrator. Moreover, the application before the Court is to confirm the Arbitrator's Award, not modify it.

Petitioners' counsel goes on to state that such damages are also permitted under ERISA where an action involves delinquent contributions. (Carney Aff. ¶ 12.) However, this action was not brought before this Court to recover delinquent contributions under ERISA; it was brought to confirm and enforce an arbitration award for a sum certain. Accordingly, this Court recommends that Petitioners' request for interest and liquidated damages be denied.

IV.    <u>Attorney's Fees and Costs</u>

Petitioners seek an award of $4,075.00 in attorney's fees and $1,222.20 in costs with respect to the within action. In actions for the confirmation of arbitration awards, "the guiding principle has been stated as follows: when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." <u>International Chem. Workers Union v. BASF Wyandotte Corp.</u>, 774 F.2d 43, 47 (2d Cir. 1985) (internal quotation marks and citation omitted); <u>see also</u> <u>Abondolo v. H & M.S. Meat Corp.</u>, No. 07 Civ. 3870, 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008) (noting that "courts have routinely awarded attorney[']s fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court"); <u>New York City Dist.</u>

8

Council of Carpenters Pension Fund v. Brookside Contracting Co., Inc., No. 07 Civ. 2583, 2007 WL 3407065, at *2 (S.D.N.Y. Nov. 14, 2007) (finding that "[f]ailure to appear at arbitration or the confirmation hearing may result in a grant of attorneys' fees on equitable grounds").

Because Respondents have failed to appear herein and have refused to abide by the Arbitrator's decision, the Court recommends that Petitioners be awarded reasonable attorney's fees incurred with respect to the instant Petition. When assessing the reasonableness of legal fees, the court must determine the "presumptively reasonable fee" for an attorney's services by looking to what a reasonable client would be willing to pay, keeping in mind that a reasonable, paying client "wishes to spend the minimum necessary to litigate the case effectively." Simmons v. New York City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009) (internal quotation marks and citation omitted). The party seeking reimbursement of attorney's fees bears the burden of proving the reasonableness and the necessity of the hours spent and rates charged. See New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983).

"A reasonable [hourly] rate is the rate that a reasonable, paying client would be willing to pay." Barrella v. Vill. of Freeport, 43 F. Supp. 3d 136, 189 (E.D.N.Y. 2014) (internal quotation marks and citation omitted). Courts in the Second Circuit adhere to the forum rule, "which states that a district court should generally use the prevailing hourly rates in the district where it sits." Joseph v. HDMJ Rest., Inc., 970 F. Supp. 2d 131, 155 (E.D.N.Y. 2013) (citing Simmons, 575 F.3d 170, 176 (2d Cir. 2009)) (additional citations omitted). Courts in the Eastern District of New York have awarded hourly rates in the past ranging from $200 to $450 per hour for partners, $100 to $300 per hour for associates, and $70 to $100 per hour for paralegals. See Ferrara v. CMR Contracting LLC, 848 F. Supp. 2d 304, 313 (E.D.N.Y. 2012) ("In recent years, courts in this district have approved hourly fee rates in the range of $200 to $450 for partners,

9

$100 to $300 for associates and $70 to $100 for paralegal assistants."). "In determining whether an hourly rate is reasonable, courts must take into account 'the nature of representation and type of work involved in a case . . . .'" Bodon v. Domino's Pizza, LLC, No. 09-CV-2941, 2015 WL 3889577, at *8 (E.D.N.Y. June 4, 2015) (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 184 n.2 (2d Cir. 2008)).

Petitioners seek an award of $4,075.00, reflecting 16.3 hours of work, based on charges of $250.00 per hour for associate Danielle Carney. (Carney Aff. ¶ 14.) The Court finds that the amount of time spent, as well as the hourly rate at which counsel billed for her time, is reasonable. See Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension and Welfare Funds v. Fourmen Constr., Inc., No. 15-CV-3252, 2016 WL 146245, at *5-6 (E.D.N.Y. Jan. 13, 2016) (holding that 4.7 hours billed on unopposed petition to confirm an arbitration award was reasonable, and awarding hourly rate of $225 to associate); Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension and Welfare Funds v. Penco United, LLC, No. 13-CV-4745, 2015 WL 1650960, at *3 (E.D.N.Y. Apr. 14, 2015) (awarding hourly rate of $225 to associates). Therefore, this Court respectfully recommends that Petitioners be granted $4,075.00 in attorney's fees.

Petitioners also seek the costs of this litigation in the amount of $1,222.20, consisting of the court filing fee of $400.00 and service of process fees of $822.20. (Carney Aff., Ex. A.) "A court will generally award 'those reasonable out-of-pocket expenses incurred by the attorney[s] and which are normally charged fee paying clients.'" Finkel v. Jones Lang LaSalle Ams., Inc., No. 08-CV-2333, 2009 WL 5172869, at *6 (E.D.N.Y. Dec. 30, 2009) (quoting Reichman v. Bonsignore, Brignati & Mazzotta, P.C., 818 F.2d 278, 283 (2d Cir. 1987)). Indeed, courts in this district allow for the recovery of service and filing fees in arbitration confirmation proceedings.

See, e.g., Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension and Welfare Funds v .J.H. Reid Gen. Constr. Co., No. CV 14-6407, 2015 WL 8111121, at *5 (E.D.N.Y. Oct. 19, 2015) (awarding $475.00 in costs to recover for the court filing fee and a service fee); Abondolo, 829 F. Supp. 2d at 130 (awarding service and filing fees). Accordingly, the Court recommends that Petitioners be awarded $1,222.20 in costs.

## RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that the within Petition be considered an unopposed motion for summary judgment and that the arbitrator's Award be confirmed in the amount of $61,370.11. It is further recommended that Petitioners be awarded attorney's fees in the amount of $4,075.00 and costs in the amount of $1,22.20, for a total monetary award of $66,667.31.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to Petitioners by electronic filing. Petitioners are directed to serve a copy of this Report and Recommendation on Respondents by certified mail, and to file proof of service with the Court, by March 28, 2024. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. See 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. See Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010); Ferrer v. Woliver, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

**SO ORDERED.**

Dated: Central Islip, New York
      March 26, 2024                                           /s/   Anne. Y. Shields
                                                                                       Anne Y. Shields
                                                                                        United States Magistrate Judge