**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x

THE MATTER OF THE APPLICATION OF
LOCAL 713, INTERNATIONAL
BROTHERHOOD OF TRADE UNIONS, U.M.D.          Civil Action No. 2:23-cv-02602-LDH-
LL.A., AFL-CIO AND LOCAL 713 HEAL TH         AYS
AND WELFARE FUND AND ANNUITY FUND,

Petitioners,

- against -

GROUND SUPPORT SERVICES LLC;
GREATER SHIELD LLC, ABRAHAM
GRUNHUT AND ISSAC WEISS A/K/A
YITCHOK WEISS,

Respondents.
FOR AN ORDER CONFIRMING THE AWARD
OF JOHN G. KENNEDY,

Arbitrator

------------------------------------------------------------- x

**MEMORANDUM OF LAW OF RESPONDENTS IN SUPPORT OF THE MOTION**

1

# Contents

1.  **Introduction**................................................................................................. 4

2.  **Factual Background**.................................................................................... 4

3.  **Legal Argument** ......................................................................................... 6

4.  **Conclusion** .................................................................................................. 8

## Table of Authorities

| Cases | Page Number |
|-------|-------------|
| Paddington Partners v. Bouchard, 34 F.3d 1132 (2d Cir. 1994) | 6 |
| Stevens v. Miller, 676 F.3d 62 (2d Cir. 2012) | 6 |
| Montco, Inc. v. Barr (In re Emergency Beacon Corp.), 666 F.2d 754 (2d Cir. 1981) | 6 |
| Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.), 419 F.3d 115 (2d Cir. 2005) | 6 |
| Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 113 S. Ct. 1489 (1993) | 6 |

| Statutes | Page Number |
|----------|-------------|
| Fed. R. Civ. P. 60(b)(1) | 6 |
| Fed. R. Civ. P. 60(c)(1) | 6 |

| Rules | Page Number |
|-------|-------------|
| Local Rule 1.4 | 7 |
| 2024 Committee Note | 7 |

### 1. Introduction

This memorandum of law is in support of Respondents motion to vacate the judgment entered on September 25, 2024 pursuant to Fed. R. Civ. P. R. 60(b)(1). As will be demonstrated, due to an error by the undersigned counsel, no notice of appearance was filed in the action, and the Respondents had no notice that the Court was disregarding the memorandum of law filed on their behalf in opposition to the petition. The Respondents only learned of the judgment in the past few days when one of the Respondents sought to purchase a new home and the judgment appeared in a title search.

### 2. Factual Background

As is set forth in the Petitioners papers in this matter, the Petitioner was a union local that had a contract with the corporate respondents, Greater Shield, LLC and with Ground Support Services, LLC. ECF 1-1 at 9. The Petitioner called the companies to an arbitration, at which the companies participated through their Chief Operating Officer, Chany Bernat. ECF 1-1 at ¶¶11-14. The award clearly specified it was against the companies, and at no point did the individual defendants, Mr. Weiss or Mr. Grunhut agree to arbitrate any dispute or appear at the arbitration. See ECF 1-11 (Consent Award) at p. 2. While the arbitrator eventually imposed an award against the individual respondents, they had not appeared and were not responsible for the debts of the Corporate Respondents. Nothing in the collective bargaining agreements between the parties called for the personal liability of the individual respondents. Eg. ECF 1-2.

Upon receipt of the petition, the Respondents retained the undersigned to oppose the entry of judgment. On May 9, 2023, the Respondents, through the undersigned counsel, filed a memorandum of law opposing the petition. ECF 6. The opposition made clear that the individual respondents were never a party to the underlying agreements, and that no basis existed for

4

imposing personal liability upon them. Id. The Respondents did not oppose the entry of judgment against the corporate respondents.

Subsequently, counsel for the Petitioners wrongly sought entry of default, claiming that no one had responded to the petition. ECF 8. The Clerk of the Court entered default on September 6, 2023. ECF 9. These filings were not served on the undersigned, as demonstrated by the ECF receipts available on the docket. *See Frisch Decl.* On January 18, 2024, the Petitioners sought the entry of default judgment by motion. ECF 10-12. They purported to service notice on the Respondents, but no such notice was ever received. *See Weiss Decl.* The Court referred the matter to Magistrate Judge Anne Y. Shields for a report and recommendation on January 19, 2024. Judge Shields issued her Report and Recommendation on March 26, 2024. ECF 13.

The Report and Recommendation made clear that default judgment was not an appropriate mechanism to resolve a petition. Id. at P. 1. In reviewing the docket, Judge Shields noted that the Respondents had filed an opposition to the petition on ECF, but stated "no appearance by any attorney has been entered on the docket for any of the Respondents, and thus, all Respondents have failed to appear in this action." Id. at n.1. As a petition to confirm is not a pleading, but rather akin to a motion in an ongoing proceeding, the Court treated the matter as a motion for summary judgment. Ironically, despite acknowledging that a memorandum in opposition had been filed, the Court ignored the arguments therein in response to the motion and treated it as unopposed. This appears to be due to a technical error in that a formal notice of appearance was not filed.

Judge Shields then determined that the award should be confirmed in full, despite the fact that no evidence of why the individual Respondents were made a party to the award. The Petitioners were also directed to serve copies on Respondents of the Report for objection. No record of this was found in the Respondents files, and the undersigned was certainly never served

with a copy.  Notably, despite being directed to serve the Report and Recommendation by Certified Mail, the counsel for Petitioners only served it via first class mail.  ECF 14. With no notice of the Report and Recommendations, the Court adopted the Report and Recommendations and entered judgment as of September 25, 2024.

Mr. Weiss discovered that judgment had been entered on or about Tuesday August 19, 2025, when reviewing a title search related to the purchase of real estate.  He promptly contacted the undersigned, and this motion follows.

### 3.  Legal Argument
### a.  Standard to vacate under Fed. R. Civ. P. 60(b)(1)

A motion to vacate a judgment under R. 60(b)(1)-(3) must be made within a reasonable time and in any event, no more than one year from the entry of judgment.  Fed. R. Civ. P. R. 60(c)(1).  There is no doubt that this motion is being brought timely, as it is being filed within days of the discovery of the judgment, and within the one year time frame from September 25, 2024. "60(b) allows extraordinary judicial relief, it is invoked only if the moving party meets its burden of demonstrating exceptional circumstances." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994) (internal citations omitted).  "The decision whether to grant a party's Rule 60(b) motion is committed  to the "sound discretion" of the district court, and appellate review is confined   to   determining   whether   the   district   court   abused   that   discretion. *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) citing *Montco, Inc. v. Barr (In re Emergency Beacon Corp*.), 666 F.2d 754, 760 (2d Cir. 1981).

"Because Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,'" the Court "concluded that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including "[1] the danger of prejudice to the debtor, [2] the length of the delay and its

6

potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.)*, 419 F.3d 115, 122 (2d Cir. 2005) citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 397, 113 S. Ct. 1489, 1499 (1993).

### b.  The Facts of this Case Demonstrate Excusable Neglect

As set forth in the Declaration of the undersigned counsel, other Districts did not formally require the submission of a notice of appearance to oppose a petition.  At the time that the memorandum of law was filed, the Local Rules of the Eastern District also did not require a formal notice of appearance.  Local Rule 1.4 was amended on July 2, 2024, over a year after the memorandum of law was filed, to specifically require a notice of appearance.  This situation was actually directly addressed in the 2024 Committee Note addressing the amendment to the rule:

> 2024 COMMITTEE NOTE The existing local rule governs the withdrawal or displacement of an attorney of record but does not identify the procedure by which one becomes an attorney of record. The Federal Rules of Civil Procedure likewise do not include a procedure for becoming an attorney of record. Accordingly, the rule is amended to require attorneys appearing in a matter to file a notice of appearance and lists the information that the notice of appearance must contain. The amendment also eliminates the affidavit that was otherwise required by the local rule when other counsel who had already appeared in the case continues to represent the client or when new counsel is substituted

by stipulation. The Committee believes that the affidavit serves no useful purpose in these circumstances.

Whatever the customs of the Eastern District, the Local Rules and Federal Rules of Civil Procedure did not contain a formal requirement of filing a notice of appearance until July 1, 2024.

Aside from the clear good faith attempt to challenge the petition, the Petitioners made no effort to notify counsel that they believed a necessary document had not been filed.  Instead, they sought to hide the fact from counsel, served documents by mail to the Respondents themselves (though such documents appear to not have been received), and took steps to ensure that the undersigned had no idea what was happening.  Further, the Petitioners failed to follow the service requirements of the Report and Recommendation and thus cannot demonstrate that the document was in fact received by Respondents in a timely manner.

Finally, the Petitioners took approximately a year to seek the entry of judgment that they supposedly believed was to be by default.  The only prejudice that the Petitioner will suffer is due to its own counsel attempting to benefit from its own misbehavior and lack of diligence.

**c. The Individual Respondents have a defense on the merits**

As set forth in the initial memorandum of law, ECF 6, which is incorporated herein by reference, the Individual Respondents were not named in the CBA, did not appear at the arbitration, and were not represented therein by counsel.  Petitioner failed to demonstrate in its petition that the arbitrator had any basis to exercise jurisdiction over the individual defendants.

**4. Conclusion**

For these reasons, the judgment should be vacated so that the Court can consider the issues raised in the opposition to the petition.

_____
                                        Avram E. Frisch